**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VOLUMECOCOMO APPAREL, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ROSS STORES, INC., a Delaware corporation; UNO CLOTHING, INC., a California corporation; CREW KNITWEAR, INC., a California corporation; INBS, INC., a New York corporation; JADE TEXTILE, INC., a California corporation; U.S. TEXTILE PRINTING INC., a California corporation; MCKENZIE & OKRA FABRIC, INC., a California corporation; and DOES 1 through 10, <br><br> Defendants, | Case No.: CV11-01773 GW (PJWx) <br><br><br> STIPULATED PROTECTIVE ORDER |

**GOOD CAUSE STATEMENT**

This matter arises from Plaintiff's claims against Defendants for alleged infringement of copyrights in and to certain graphic design patterns which the Plaintiff claims to hold.

The discovery and pretrial phase of this action will involve the disclosure of the parties' respective trade secrets and other confidential and proprietary business

{00701727.DOC}                                                    1
STIPULATED PROTECTIVE ORDER

and financial information. Such information will likely take the form of such things as, strategic corporate plans, financial statements, vendor lists, customer lists, customer and vendor profiles, pricing information, board of director meeting minutes, software code and mathematical formulas, designs that have not been made public, process and cost structure, profits earned from selling individual items, and personnel records.

All of the parties hereto conduct business in the garment design, manufacturing and/or sales industry. This is a highly competitive industry. The unauthorized disclosure of any of the aforementioned information would substantially harm and prejudice the legitimate commercial or privacy interests of the party whose confidential information was disclosed.  For instance, making public the price that a particular party paid a particular vendor for a particular item, might affect the way that third parties deal with that party or vendor in the future. Accordingly, good cause exists for the Court's entry of the parties' Stipulated Protective Order. *See, Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122 (9th Cir. 2003); *Phillips v. General Motors Corporation*, 307 F.3d 1206 (9th Cir. 2002).

For all of the reasons stated above, and pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 26(c) and the stipulation of the parties:

**IT IS HEREBY ORDERED** as follows:

**1.** <u>Definition of Confidential Information.</u>  "Confidential Information" is information that has not been made public, and which has been designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY as set forth below.

Information designated as "CONFIDENTIAL" includes, but is not limited to, board of director meeting minutes, business plans, financial statements, vendor lists, customer lists, customer and vendor profiles, pricing and marketing information, software code and mathematical formulas, designs that have not been made public,

and other non-public business information.

Information designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" means the most sensitive information of each party to this action which concerns each party's strategy, process and cost structure, and profits earned from selling individual items, provided that it is non-public, private, maintained in confidence and intended for or restricted to use by only one of the parties to this action, including its attorneys, employees and agents.

**2.** <u>Scope</u>.  This Protective Order shall govern discovery in this action and shall be applicable to all information provided, produced or obtained, whether formally or informally, in the course of discovery in this action, including, without limitation, information provided, produced or obtained in or through any deposition, response to interrogatories, response to a request for admission, and any document or thing provided or made available for inspection and/or copying (collectively "document, thing or testimony").  As used herein, the term "document" shall include all forms of information delineated in FRCP 34(a).

**3.** <u>Confidential Information</u>.  Any person, whether an individual or an entity, whether a party or a nonparty, and whether acting on its own or through counsel, that is participating in discovery in this action may designate any document, thing or testimony as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY at or prior to the time the material or information is produced or disclosed so long as such person has a good faith, reasonable belief that such document, thing or testimony contains or discloses, respectively, information justifying a designation of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY (as stated in paragraph 1).  The parties to this Order, including anyone who agrees to be bound by the Order, agree to designate information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY on a good faith basis and not for purposes of harassing the receiving party or for purposes of unnecessarily restricting the receiving party's access to information concerning the

lawsuit.

**4.** <u>The Court</u>.  This action is currently pending in U.S. District Court for the Central District of California ("the Court").

**5.** <u>Procedure for Designating Documents</u>.  Any person desiring to subject the information contained or disclosed in any document (including, without limitation, any document responsive to a Rule 34 request or to a Rule 45 subpoena, and any responses to interrogatories or to requests for admission) delivered to or served on any party to the confidentiality provisions of this Protective Order must designate such document as Confidential Information in the manner provided herein at or prior to the time of disclosure, unless the parties agree to an alternative procedure.  Any document delivered to or served on any party may be designated as Confidential Information by affixing either the legend "CONFIDENTIAL" or the legend "CONFIDENTIAL – ATTORNEYS EYES ONLY" to every page of the document.  All correspondence, legal memoranda, motion papers, pleadings and other written material which quote or refer to the substance of any Confidential Information shall also be treated as such in accordance with the provisions of this Protective Order, and the portion of such documents containing, quoting or referring to the substance of any Confidential Information shall be marked in accordance with this paragraph.

**6.** <u>Procedure for Designating Physical Specimens or Non-Written Material</u>.  A physical specimen or thing containing Confidential Information shall be designated as such by marking or tagging such physical specimen or thing with a legend including either the legend "CONFIDENTIAL" or the legend "CONFIDENTIAL – ATTORNEYS EYES ONLY."  Likewise, Confidential Non-Written Material, such as electronic media, software, or source code, shall be designated as such by marking or tagging the disc or physical medium containing the material.

**7.** <u>Procedure for Designating Inspections</u>.  If a person believes that

inspection or photographing of that person's processes, products, equipment, premises or other property pursuant to FRCP 34 will reveal or disclose information that is in good faith deemed Confidential Information, that person shall advise in advance the party or parties seeking such discovery that the inspection or photographing will be permitted only on a confidential basis, and that the material discovered, and any information derived from that material, shall be treated as CONFIDENTIAL or "CONFIDENTIAL – ATTORNEYS EYES ONLY." If the person providing the discovery fails to advise in advance the party or parties seeking discovery that any inspection or photographing will be permitted only on a confidential basis, any confidentiality is waived unless otherwise stipulated or ordered.

**8.** <u>Inadvertent Failure to Designate</u>. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and should be treated as such in accordance with the provisions of this Protective Order. The receiving party must treat such documents and things as Confidential Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential Information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Protective Order; provided, however, that the party making such disclosure shall notify the other party in writing of all such unauthorized persons to whom such disclosure was made and shall use best efforts to secure the return of all such Confidential Information disclosed. The inadvertent disclosure of Confidential Information by a producing party without designation at the time of disclosure shall not be treated as a waiver of the confidentiality of the subject matter.

**9.** <u>Procedure for Designating Deposition Testimony</u>. Deposition testimony

may be designated, in whole or in part, as Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to separately bind the portions of the deposition transcript that have been designated CONFIDENTIAL or "CONFIDENTIAL – ATTORNEYS EYES ONLY", and stamp or write the designation, as appropriate, on each page.  Additionally, each party shall have an opportunity after receipt of the transcript of any deposition within which to notify the other party in writing of the portions of the transcript that it wishes to designate as Confidential Information.  Specifically, each party shall have five (5) days after receipt of the transcript of any deposition (as certified by the Court Reporter) within which to notify the other party in writing of the portions of the transcript that it wishes to designate as CONFIDENTIAL – ATTORNEYS EYES ONLY.  Each party shall have twenty (20) days after receipt of the transcript of any deposition (as certified by the Court Reporter) within which to notify the other party in writing of the portions of the transcript that it wishes to designate as CONFIDENTIAL.  Prior to the expiration of such five (5) and twenty (20) day periods, all information disclosed during a deposition shall be treated as though designated CONFIDENTIAL – ATTORNEYS EYES ONLY or CONFIDENTIAL, respectively, unless otherwise agreed by the parties and the witness, or ordered by the Court.  Upon being informed that certain portions of a deposition are designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, each party must cause each copy in their custody or control to be so marked immediately.

      **10.**  <u>Restrictions on Use and Disclosure of Confidential Information</u>.  All Confidential Information obtained on behalf of a party from any person through discovery in this proceeding, and any summaries, abstracts, or indices thereof, shall be used by the persons who receive such information ("Recipients") solely for the preparation and trial of this proceeding through appeal and for no other purpose whatsoever.  Unless otherwise authorized by the designating person ordered by the

Court, Recipients shall not make Confidential Information public, shall not use Confidential Information in any civil action or other proceeding or in any other way, and shall not disclose or divulge Confidential Information to anyone except as permitted in this <u>Protective</u> Order.

**11.**   <u>Permitted Disclosure of Confidential Information</u>.  Information Designated CONFIDENTIAL.  Except as otherwise provided by this Protective Order, information designated as CONFIDENTIAL may be disclosed only to:

    i.   Outside counsel of record for the parties in this action, and other attorneys, clerical, paralegal and other staff employed by such outside counsel;

    ii.   Independent consultants, investigators, or experts retained by a party for the prosecution or defense of this action, provided that they agree in advance to be bound by the terms of this Stipulated Protective Order and sign the Agreement to Be Bound by Stipulated Protective Order (Agreement) in the form of Exhibit 1 attached hereto.  If any consultant, investigator or expert retained by a party is a current or former employee, officer, director or owner of an entity that competes with any of the parties to this Stipulation, or if the retaining party has any reason to believe that the retained person intends to become an employee, officer, director or owner of or intends to disclose Confidential Information to an entity that competes with any of the parties to this Stipulation the party retaining that person, before disclosing any Confidential Information to that individual, shall notify the opposing party of the identity of the proposed recipient and provide sufficient information to enable the producing party to determine whether or not to object to such disclosure.  The opposing party shall have three (3) days from

such notice in which to object to such disclosure and ten (10) days from such notice to move for a protective order preventing or limiting such disclosure if the parties are unable to reach an agreement after such objection. If a motion for a protective order is filed, the party that retained the person may not disclose any Confidential Information to that person until the motion is resolved. With regard to this category of person, it is the responsibility of the retaining party to timely determine whether notice to the producing party is required under this paragraph. Except as provided herein, the Federal Rules of Civil Procedure and the Court's Local Rules shall govern the discovery of experts and nothing herein shall expand those rights of discovery.

    iii.    Such officers, directors, or employees of the parties who are actively assisting such parties in the prosecution or defense of this action, and for no other purpose;

    iv.    The Court and court personnel;

    v.    Any other person as to whom the producing party agrees in writing and provided that they agree in advance to be bound by the terms of this Stipulated Protective Order and sign the Agreement to Be Bound by Stipulated Protective Order (Agreement) in the form of Exhibit 1 attached hereto.;

    vi.    With respect to any particular document designated as Confidential Information, any person who is named on the face of such document as having been its author or one of its recipients, or who appears from other documents or testimony to have been a recipient of such document, provided that each such person signs the Agreement to Be Bound by Stipulated Protective Order (Agreement) in the form of Exhibit 1 attached

1         hereto;

2     vii.    Any stenographer or court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

Except with the prior written consent of the producing party or parties, or upon prior order of this Court obtained on noticed motion, CONFIDENTIAL – ATTORNEYS EYES ONLY material and/or information shall not be disclosed in this action to any person other than those listed in subparagraphs 11(i), (ii), (iv), (v), (vi), and (vii). Prior to access to such documents, all such persons, except the persons listed in subparagraphs 11(iv) and (vii), shall be advised of and shall agree to become subject to the provisions of this Stipulation and Protective Order by signing the Agreement to Be Bound by Stipulated Protective Order (Agreement) in the form of Exhibit 1 attached hereto. Counsel for each party shall retain for the duration of this matter all such Agreements that that counsel has caused to be signed, which shall not be disclosed to other parties or counsel except as provided herein, or by order of the Court. All such Agreements shall be disposed of pursuant to paragraph 24 at the conclusion of this matter.

**12.** <u>Court Procedures Regarding Filing Under Seal</u>. To the extent that the parties intend that any pleading, paper or other document filed with the Court contains, reflects, incorporates, or otherwise refers to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY material, such papers shall be accompanied by an application to file said pleading(s), paper(s) or other document(s), or the confidential portion(s) thereof, under seal, pursuant to Central District Local Rule 79-5.1.

Pending the ruling on the parties' aforesaid application, such pleading(s), paper(s), or other document(s), or those portions thereof which are subject to the sealing application shall be lodged under seal.

{00701727.DOC}  9
STIPULATED PROTECTIVE ORDER

**13.** <u>Designation Not Conclusive</u>.  The designation of any document, thing or testimony as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY is intended solely to facilitate preparation for trial, and the treatment of any document, thing or testimony designated as such shall not be construed as an admission or an agreement that the designated document, thing or testimony contains or discloses any Confidential Information as defined herein or any trade secret or other confidential information in contemplation of law.  No person shall be obligated to challenge the propriety of any such designation, and any failure to do so shall not preclude a subsequent attack on the propriety of any designation of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY. In any motion brought to challenge or sustain a designation as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, the burden of establishing the confidentiality of documents, things or testimony shall be on the party asserting that the designation should be CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY.

**14.** <u>Court Ordered Access</u>.  If this Court orders that access to or dissemination of information that has been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY shall be made to persons not included in Paragraph 11 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and the obligations arising from, this Order, and such persons shall be considered subject to it.  To the extent practicable, such persons shall execute the Agreement attached hereto as Exhibit 1.

**15.** <u>Inadvertent Disclosure</u>.  If information that has been designated as Confidential Information is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties and, without prejudice to other rights and

remedies of any party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information. The party responsible for the unauthorized disclosure shall also exert best efforts to reacquire any Confidential Information from the unauthorized recipient and obtain the signature of the unauthorized recipient on the Agreement attached hereto as Exhibit 1.

      **16.**    <u>Documents Derived From Confidential Information.</u>  This Order shall also apply to all pleadings, discovery papers, briefs, summaries, notes, abstracts, or other instruments which comprise, embody, summarize, discuss, or quote from any documents produced in the litigation, or deposition testimony transcripts or any other material, designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, including memoranda or work product prepared by counsel, their staff, or authorized outside consultants or experts which contain information that has been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY.

      **17.**    <u>Procedure for Other Recipients</u>.  If it becomes necessary for counsel for a party receiving Confidential Information to seek the assistance of any person other than those specified in Paragraph 11 above, the following procedures shall be employed:

          a.    Counsel for the receiving party shall notify, in writing, counsel for the producing party of their desire to disclose such information that has been designated as Confidential Information and shall identify the person(s) to whom they intend to make such disclosure, sufficient for the producing party to determine whether or not to object;

          b.    If no objection to such disclosure is made by counsel for the producing party within ten (10) days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the

{00701727.DOC}    11
STIPULATED PROTECTIVE ORDER

        receiving party shall serve upon opposing counsel, prior to disclosure, an Agreement in the form set forth in Exhibit 1 attached hereto, whereby such person agrees to comply with and be bound by this Stipulated Protective Order;

    c.    If the producing party objects to such disclosure, no disclosure shall be made.  Any party may bring before the Court the question of whether the particular information that has been designated as Confidential Information can be disclosed to the designated person(s) and the party requesting such disclosure shall have the burden of establishing before the Court the necessity for such disclosure.

**18.**    <u>Relief Available</u>.  In the event of a dispute with respect to the designation of any discovery material as Confidential Information, any party hereto may challenge the designation of any document, thing or testimony as Confidential Information. In any such dispute, the parties shall strictly comply with Central District Local Rule 37.

**19.**    <u>Judicial Review</u>.  Nothing in this Order shall affect the admissibility into evidence of information that has been designated as Confidential Information or shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issues of the status of documents containing Confidential Information. Agreement to this Order is without prejudice to any party seeking an Order from this Court imposing further restrictions on the dissemination of highly confidential documents, or seeking to rescind, modify, alter or amend this Order with respect to specific documents.

**20.**    <u>Challenge to Designation</u>.  Notwithstanding the designation as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY of any testimony, evidence, and other matters, as provided above, and notwithstanding the

protection of documents as provided above, said documents, testimony, evidence and matters shall not, in fact be deemed confidential and shall not be subject to this Order, if the content and/or substance thereof:

    a.    is, at the time of disclosure, in the public domain by publication or otherwise;

    b.    becomes at any time, through no act or failure to act on the part of the recipient party, part of the public domain by publication or otherwise;

    c.    is already in the possession of a party at the time of disclosure by the other party and was not acquired directly or indirectly from the disclosing party; or

    d.    is made available to a party by a third party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

In the event that any such documents, testimony, evidence or other matters are marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY contrary to the terms of this paragraph, such designation shall be honored by the parties until reviewed by this Court in accordance with the provisions of paragraph 18 of this Order.

**21.** <u>Request for Information</u>. In the event that any person in receipt of information that has been designated as Confidential Information shall receive a written request, subpoena, or court order seeking disclosure of another party's information that has been designated as Confidential Information, such person shall promptly notify counsel for the producing party of the request, subpoena, or court order and shall provide a copy of the same to counsel.

**22.** <u>Information From Non-Parties</u>. In the event any documents, information and/or deposition testimony are obtained from any person not a party to this litigation, such person shall have the same rights to designate any such

documents or deposition testimony as Confidential Information, as a party would have, and the use of such documents or deposition testimony by the parties shall be governed in all respects by this Order, PROVIDED that such nonparty agrees to be bound by the terms hereof. The term "party" and "parties" as used herein shall be deemed to include any such nonparties to the extent necessary or appropriate to effectuate the terms of this paragraph.

**23.**   <u>Use of Information</u>.  Nothing herein shall prevent a party from using or disclosing its own documents or information.  Nothing herein shall prevent the parties from mutually agreeing to the use or disclosure of information that has been designated as Confidential Information, other than as permitted by this Order.

**24.**   <u>Procedure Upon Termination of Proceeding</u>.  Within thirty (30) days of the final determination of this proceeding, including all appeals, and unless otherwise agreed to in writing by counsel, each party shall either return or destroy all documents and things constituting Confidential Information produced to a receiving party by the designating party and certify in writing that all copies of such documents and things have been destroyed or returned.  Notwithstanding the foregoing, the attorneys of record for each party may retain all pleadings, briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate Confidential Information and will continue to be bound by the terms of this Protective Order with respect to all such retained information.

**25.**   <u>Privileged Information</u>.  Nothing contained in this Protective Order shall be construed to require production of Confidential Information that is privileged or otherwise protected from discovery.  If a party, through inadvertence, produces a document or information that it believes is immune from discovery pursuant to the attorney-client privilege and/or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is

requested.  Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party.  The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

**26.**   <u>Continuing Order and Continuing Jurisdiction</u>.  The terms of the Protective Order shall survive the final termination of this proceeding with respect to all Confidential Information that is not or does not become known to the public.  The Court shall retain jurisdiction, following termination of this proceeding, to adjudicate all disputes either between the parties hereto or between a party hereto and a third party relating to or arising out of this Protective Order.

**27.**   <u>Custody of Confidential Information</u>.  Documents and things designated as containing Confidential Information and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this proceeding, except as reasonably necessary to provide access to persons authorized under the provisions of this Protective Order.

**28.**   <u>Copying and Reproduction</u>.  Information that has been designated as Confidential Information shall not be copied or reproduced except to the extent that copying or reproduction is reasonably necessary for the conduct of this lawsuit and all such copies or reproductions shall be subject to the terms of this Order.

**29.**   <u>Transmission of Confidential Information</u>.  Nothing in this Protective Order shall prohibit the transmission or communication of Confidential Information by hand delivery; face-to-face conference; in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or by telephone,

///

///

1 telegram, facsimile or other electronic transmission system if, under the
2 circumstances, there is no reasonable likelihood that the transmission will be
3 intercepted and misused.

6     It is so ordered:

8 Dated: <u>December 2, 2011</u>          /s/ Patrick J. Walsh
9                                          Patrick J. Walsh, U.S. Magistrate Judge

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLUMECOCOMO APPAREL, INC., a California corporation,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>ROSS STORES, INC., a Delaware corporation; UNO CLOTHING, INC., a California corporation; CREW KNITWEAR, INC., a California corporation; INBS, INC., a New York corporation; BURLINGTON COAT FACTORY DIRECT CORPORATION, a New Jersey corporation; and DOES 1 through 10,<br>　　　　　　　Defendants. | Case No. CV 11-01773 GW (PHWx) |

**CONFIDENTIALITY MATERIALS RECEIPT AND AGREEMENT**

I, _____, state:

　　1.　　I reside at _____.

　　2.　　My present employer is _____.

　　3.　　My present occupation or job description is _____.

　　4.　　I have received a copy of the Stipulated Protective Order in this Action dated _____, 2011, and have read and understand its provisions. As a condition precedent to receiving any CONFIDENTIAL MATERIALS, as defined in the Protective Order, I agree to abide by all provisions of the Stipulated Protective Order and to subject myself to the personal jurisdiction of the United States District Court for the Central District of California with respect to the application and enforcement of the provisions of the Stipulated Protective

Order.  I understand that I am obligated, under the Stipulated Protective Order, to hold in confidence and not disclose any CONFIDENTIAL INFORMATION except as permitted by the Stipulated Protective Order.

5. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL MATERIALS in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL MATERIALS are to be returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by the Stipulated Protective Order, and will not copy or use except solely for the purpose of this Litigation, any information obtained pursuant to the Stipulated Protective Order, except as provided therein.  I also agree to notify any secretarial, clerical, or supporting personnel who are required to assist me of the terms of the Stipulated Protective Order and to take steps to ensure their compliance with the terms of the Stipulated Protective Order.

7. I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action or proceeding for damages.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____.                    _____